## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| JEFF MCCLEARY, individually and on behalf of all others similarly situated, | § §  DOCKET NO. _____ |
| McCleary, | § § JURY TRIAL DEMANDED |
| vs. | § § COLLECTIVE ACTION |
| PATRIOT ENVIRONMENTAL, LLC, | § PURSUANT TO 29 U.S.C. § 216(b) § |
| Defendant. | § § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. McCleary Jeff McCleary ("McCleary" or "McCleary") brings this lawsuit to recover unpaid overtime wages and other damages from Patriot Environmental, LLC ("Patriot" or "Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Defendant employs oilfield personnel, like McCleary, to carry out its work.

3. McCleary, and the other workers like him, were typically scheduled for 14 hour shifts, 7 days a week, for weeks at a time.

4. But Defendant does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Defendant pays these workers a day-rate.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. McCleary performed work-related tasks for Patriot in this District in Midland County.

## PARTIES

9. From approximately 2013 until May 2018, McCleary worked for Defendant as a Liner Technician. Throughout his employment with Defendant, he was paid a day-rate with no overtime compensation. His consent to be a party McCleary is attached as Exhibit A.

10. McCleary brings this action on behalf of himself and other similarly situated workers who were paid by Patriot's day-rate system.

11. Patriot paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield workers who worked for Patriot Environmental, LLC during the past 3 years who were paid a day-rate with no overtime (the "Putative Class Members").**

13. McCleary seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14. Defendant Patriot Environmental, LLC may be served through its registered agent: Greg Gunderson, 1921 Honey Mesquite Ln., Flower Mound, Texas 75028.

## COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Patriot has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Patriot has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Patriot has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. McCleary and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

19. Patriot is an oil and gas associated services company specializing in the installation of plastic lined holding tanks for environmental containment including waste water lagoons, salt water disposals, frac water storage sites, and other water impoundment. Patriot operates throughout the United States, and in Texas and Oklahoma.

20. These oilfield workers carry out the hands-on, day-to-day production work of Patriot.

21. Oilfield employees are an integral part of Patriot's water retention services.

22. No advanced degree is required to become a oilfield employee. In fact, Patriot regularly hires employees who only have a high-school diploma (or less).

23. For example, McCleary did not have any advanced degree.

24. Being a oilfield employee is not work requiring specialized academic training as a standard prerequisite.

25. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

26. Instead, Patriot employees apply well-established techniques and procedures.

27. Employees are not permitted to deviate from established quality standards.

28. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

29. With these job duties, oilfield employees are clearly **non-exempt** under the FLSA.

30. Patriot paid McCleary and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

31. McCleary worked for Defendant from approximately 2013 until May 2018 as a Liner Technician.

32. McCleary was paid on a day-rate basis throughout his employment with Patriot.

33. McCleary and the Putative Class Members were not paid a salary.

34. McCleary and the Putative Class Members were not guaranteed a predetermined amount above $455.00 per week.

35. Patriot typically scheduled McCleary to work 14 hour shifts, for as many as 7 days a week.

36. During each year of his employment, McCleary regularly worked well in excess of 40 hours in a workweek.

37. But Patriot did not pay McCleary overtime.

38. McCleary and the Class Members worked for Patriot as employees over the past three years across the United States.

39. As a result of Patriot's pay policies, McCleary and the Class Members were denied the overtime pay required by federal law.

40. Patriot keeps accurate records of the hours, or at least days, its employees work.

41. It also keeps accurate records of the amount of pay employees receive.

42. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Patriot does not pay them overtime.

43. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

44. The Putative Class Members regularly worked in excess of 40 hours each week.

45. Like McCleary, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

46. Patriot did not pay McCleary on a salary basis.

47. Patriot did not pay the Putative Class Members on a salary basis.

48. Patriot paid the McCleary on a day-rate basis.

49. Patriot paid the Putative Class Members on a day-rate basis.

50. Patriot failed to pay McCleary overtime for hours worked in excess of 40 hours in a single workweek.

51. Patriot failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

**FLSA VIOLATIONS**

52. McCleary incorporates the preceding paragraphs by reference.

53. As set forth herein, Patriot violated the FLSA by failing to pay McCleary and the Class Members overtime at one and one half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

54. At all relevant times, Patriot has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

55. Patriot employed McCleary and each member of the Class.

56. Patriot's pay policy denied McCleary and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

57. Patriot owes McCleary and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

58. Patriot knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to McCleary and the Class is willful.

59. Due to Patriot's FLSA violations, McCleary and the Class Members are entitled to recover from Patriot for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

60. The improper pay practices at issue were part of a continuing course of conduct, entitling McCleary and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

61. McCleary demands a trial by jury.

## RELIEF SOUGHT

62. WHEREFORE, McCleary prays for judgment against Defendant as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing McCleary and his counsel to represent the interests of the FLSA Class;

c. For an Order finding Defendant liable to McCleary and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Andrew W. Dunlap
Michael A. Josephson
State Bar No. 24014780
Federal ID 27157
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
Federal ID 1093163
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR MCCLEARY**